IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEINO JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. 18-535 |
| DREAM CREAM, INC., d/b/a ) | |
| HAAGEN DAZS, GREEN BASIL ) | |
| RESTAURANT LLC, SUBASH ) | |
| B. PATEL and RANAK S. PATEL ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

COMES NOW, KEINO JOHNSON, by and through the undersigned counsel, and files this, his Amended Complaint against Defendants, DREAM CREAM, INC., d/b/a HAAGEN DAZS, GREEN BASIL RESTAURANT LLC, SUBASH B. PATEL and RANAK S. PATEL, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et*

*seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff KEINO JOHNSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Philadelphia, Pennsylvania (Philadelphia County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant DREAM CREAM, INC., d/b/a HAAGEN DAZS (hereinafter "DREAM CREAM, INC., d/b/a HAAGEN DAZS") is a Pennsylvania domestic company, and transacts business in the state of Pennsylvania and within this judicial district.

7. DREAM CREAM, INC., d/b/a HAAGEN DAZS operates a business located at 240 South Street, Philadelphia, PA 19147, doing business as "Haagen Dazs Ice Cream Shoppe," referenced herein as the "Facility."

8. DREAM CREAM, INC., d/b/a HAAGEN DAZS may be properly

served with process via its Owner for service, to wit: C.H.K. Desserts Inc., 242 South Street, Philadelphia, PA 19147 (Philadelphia County).

9. DREAM CREAM, INC., d/b/a HAAGEN DAZS is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action.

10. GREEN BASIL RESTAURANT LLC (hereinafter "GREEN BASIL RESTAURANT LLC") is a Pennsylvania limited liability company, and transacts business in the state of Pennsylvania and within this judicial district.

11. GREEN BASIL RESTAURANT LLC operates a business located at 240 South Street, Philadelphia, PA 19147, doing business as "Green Basil Restaurant," referenced herein as the "Facility."

12. GREEN BASIL RESTAURANT LLC may be properly served with process via its President for service, to wit: Charles Tishman, 390 West End Avenue, New York, NY 10024 (New York County).

13. GREEN BASIL RESTAURANT LLC is the lessee (or sub-lessee) of the real property and improvements that are the subject of this action

14. Defendant SUBASH B. PATEL (hereinafter "SUBASH B. PATEL") is an individual, and transacts business in the state of Pennsylvania and within this judicial district.

15. SUBASH B. PATEL is the owner and/or operator of the real property

3

and improvements that the Facility(ies) is/are situated upon and that is the subject of this action, referenced herein as the "Property."

16.     SUBASH B. PATEL may be properly served with process for service, to wit: Subash B. Patel, 1175 Slack Road, Newtown, PA  18940-2501 (Bucks County).

17.     RANAK S. PATEL (hereinafter "RANAK S. PATEL") is an individual, and transacts business in the state of Pennsylvania and within this judicial district.

18.     RANAK S. PATEL is the owner and/or operator of the real property and improvements that the Facility(ies) is/are situated upon and that is the subject of this action, referenced herein as the "Property."

19.     RANAK S. PATEL may be properly served with process for service, to wit: Ranak S. Patel, 1175 Slack Road, Newtown, PA  18940-2501 (Bucks County).

## FACTUAL ALLEGATIONS

20.     On or about November, 2017, Plaintiff was a customer at Haagen Dazs Ice Cream and Green Basil Thai Cuisine and also attempted to utilize the restroom at the Facility.

21.     Plaintiff lives in the near vicinity of the Facility and Property.

22. Plaintiff's access to the business(es) located 242 South Street, Philadelphia, PA 19147-230, Pennsylvania County Property Appraiser's parcel number OPA 871012000 ("the Property,") and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Amended Complaint.

23. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

24. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

25. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Amended Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

26. Plaintiff resides one-half mile from the Facility and Property.

# COUNT I
# VIOLATIONS OF THE ADA AND ADAAG

27. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

28. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous,

and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

29. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

30. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

31. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

32. The Facility is a public accommodation and service establishment.

33. The Property is a public accommodation and service establishment.

34. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

35. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

36. The Facility must be, but is not, in compliance with the ADA and ADAAG.

37. The Property must be, but is not, in compliance with the ADA and ADAAG.

38. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA

violations more specifically set forth in this Amended Complaint.

39. Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Amended Complaint.

40. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

41. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by

Plaintiff and other persons with disabilities.

42. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

    **(a) ACCESSIBLE ELEMENTS:**

(i) There are changes in level in the Property and/or Facility exceeding ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 5 (five) inch vertical rise at the entrance to Haagen-Dazs that is not ramped, thus rendering the Haagen-Dazs inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ii) The doorway of the accessible entrance to Haagen-Dazs is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iii) Haagen-Dazs lacks at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(iv) There are changes in level in the Property and/or Facility exceeding ½ (one-half) inch that are not ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 5 (five) inch vertical rise at the entrance to Green Basil Thai Cuisine that is not ramped, thus rendering the Green Basil Thai Cuisine inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v) The doorway of the accessible entrance to Green Basil Thai Cuisine is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi) Due to a partition just past the accessible entrance, the interior of Green Basil Thai Cuisine has walking surfaces lacking a 36 (thirty-

11

six) inch clear width in violation of section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at Green Basil Thai Cuisine.

(vii) Due to the accessible barrier present at the accessible entrance, the Facility lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

(viii) The Facility lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards.

(ix) There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(x) Defendants fails fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**GREEN BASIL THAI CUISINE RESTROOMS**

(i) The Facility lacks restroom signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iii) The toilet lacks adequate clear floor space in violation of 606.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

(iv) The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) Restrooms have a sink with inadequate knee and toe clearance in violation of section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The controls on the faucets require pinching and turning of the wrists in violation of section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(vii) The door of the restroom entrance of the Facility lacks a proper minimum maneuvering clearance in violation of section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

43. Due to the barriers to access present at the Property and Facility, despite best efforts and an intent to purchase items, Plaintiff was unable to access the Property and Facility due to his disability.

44. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

45. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

46. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

47. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

48. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

49. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

50. Upon information and good faith belief, the Facility and Property have been altered since 2010.

51. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

52. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

53. Plaintiff's requested relief serves the public interest.

54. The benefit to Plaintiff and the public of the relief outweighs any

resulting detriment to Defendants.

55. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

56. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, DREAM CREAM, INC., d/b/a HAAGEN DAZS, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, GREEN BASIL RESTAURANT LLC, in violation of the ADA and ADAAG;

(c) That the Court find Defendant, SUBASH B. PATEL, in violation of the ADA and ADAAG;

(d) That the Court find Defendant, RANAK S. PATEL, in violation of the ADA and ADAAG

(e) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(f) That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility to make it

16

readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(g) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(h) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: July 11, 2018.

Respectfully submitted,

/s/Eric Brauer
Eric Brauer, Esq.
Pennsylvania Bar No. 43624
Brauer & Schapiro, LLC
638 Newtown Yardley Road, Suite 2B
Newtown, PA  18940
Tel: (215) 953-9100
eric@ebrauerlaw.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Eastern District of Pennsylvania, using a font type of Times New Roman and a point size of 14.

> /s/Eric Brauer
> Eric Brauer, Esq.
> Pennsylvania Bar No. 43624
> Brauer & Schapiro, LLC
> 638 Newtown Yardley Road, Suite 2B
> Newtown, PA  18940
> Tel: (215) 953-9100
> eric@ebrauerlaw.com